**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) | CASE NO: 1:07-cv-683 |
| | ) | |
| Plaintiff, | ) | JUDGE PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| CHIAPPETTA *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge pursuant to referral. (Doc. No. 175.) For the reasons set forth below, the Magistrate Judge recommends that Magistrate Judge Gallas's September 19, 2008, ruling on Washington Mutual Bank's ("WaMu") Motion for Partial Summary Judgment (Doc. Nos. 61, 62) be returned to Magistrate Judge Vecchiarelli for reconsideration.

**I.**

On September 19, 2008, Magistrate Judge Gallas ruled on WaMu's Motion for Partial Summary Judgment against Infinity Construction ('Infinity") and the Ohio Department of Transportation ("ODOT"). (Doc. Nos. 61, 62.) In that ruling, Judge Gallas found that WaMu had lien priority over Infinity and ODOT. When Judge Gallas

issued the ruling, he believed that he had consent jurisdiction over the matter.[1] Subsequently, when Defendant John Chiappetta objected to Judge Gallas's consent jurisdiction over this case (Doc. No. 148), Judge Gallas found that he did not have consent jurisdiction and issued a Report and Recommendation recommending that this case be returned to the District Judge. (Doc. No. 159.) District Judge Economus adopted Magistrate Judge Gallas's Report and Recommendation,[2] returned this case to his own docket, and permitted the parties to object to any of Judge Gallas's prior rulings. (Doc. No. 163.) Only Patricia and John Chiappetta objected to Magistrate Judge Gallas's September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment. (Doc. Nos. 165, 166.) However, a District Judge never adopted Magistrate Judge Gallas's September 19, 2008, ruling.

At the status conference/hearing held on February 15, 2011, Defendant Infinity asserted that an Ohio Supreme Court case, *ABN AMRO Mortgage Group, Inc. v. Kangah et al.*, 126 Ohio St. 3d 425, 934 N.E.2d 924 (2010), decided on August 19, 2010, impacts Judge Gallas's September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment. Infinity continued that Judge Gallas's ruling had to be revisited because, otherwise, the lien priority of the various lien-holders in this matter would be inconsistent and illogical.

Defendant American First Federal asserted at the status conference/hearing that

---

[1] Docket Entry Number 62 was mistakenly docketed as a Judgment Entry, as it was a ruling on only a motion for partial summary judgment.

[2] To be clear, Judge Economus did not adopt Judge Gallas's September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment (Doc. Nos. 61, 62). (*See* Doc. No. 163.)

it intended to rely on *Kangah* to contend that it had lien priority over the other alleged lien-holders in this case by making arguments similar to, but distinguishable from, those made by Infinity.[3]

Furthermore, Defendant John Chiappetta indicated at the status conference/hearing that he has not yet had the opportunity to address the validity or priority of the various parties' liens.

JP Morgan Chase Bank ("JP Morgan Chase")[4] and American First Federal asserted at the status conference/hearing that *Kangah* should not change the result of Judge Gallas's September 19, 2008, ruling, or lead to inconsistent and illogical results in subsequent lien priority determinations in this case, because *Kangah* is factually distinguishable.

Magistrate Judge Vecchiarelli indicated at the status conference/hearing that she intended to recommend that Judge Gallas's September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment be returned to Magistrate Judge Vecchiarelli for reconsideration.  No parties except JP Morgan Chase objected to returning Judge

---

[3] American First Federal is successor-in-interest to FirstMerit Bank and entered this litigation as an intervenor on April 28, 2008.  (Order 4/28/08).  American First Federal intervened after WaMu filed its Motion for Partial Summary Judgment against Infinity and ODOT.  Therefore, Judge Gallas's ruling on WaMu's Motion did not resolve lien priority between American First Federal and WaMu.  Although WaMu filed a Motion for Partial Summary Judgment seeking lien priority over American First Federal's lien (Doc. No. 70), Magistrate Judge Gallas denied that Motion without prejudice because it was untimely filed (Doc. No. 93).  Therefore, American First Federal's lien priority has not yet been resolved.

[4] JP Morgan Chase is the alleged successor-in-interest to WaMu and was substituted as the plaintiff in this case on December 2, 2009.  (Doc. No. 114.)

Gallas's ruling to Judge Vecchiarelli for reconsideration.

**II.**

Magistrate Judge Gallas's September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment should be returned to Magistrate Judge Vecchiarelli for reconsideration for the following reasons.[5]

First, Judge Gallas did not have jurisdiction to enter his September 19, 2008, ruling as an Order, and he subsequently redefined it as Report and Recommendation. Although the Chiappettas objected to Judge Gallas's September 19, 2008, ruling (Doc. Nos. 165, 166), a District Judge never adopted the ruling. Therefore, Judge Gallas's September 19, 2008, ruling is not a dispositive order.[6]

Second, Defendant John Chiappetta never had the opportunity to address the validity of the various parties' liens and their relative priorities. John Chiappetta indicated that he intends to challenge the validity and priority of the various parties' liens, and such a challenge might affect the disposition of the lien-holders' priority

---

[5] Defendants Patricia and John Chiappetta indicated at the status conference/hearing on February 15, 2011, that they would withdraw their objections to Magistrate Judge Gallas's September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment (located in their respective Motions for Relief from Judgment, Document Entry Numbers 165 and 166), if the District Judge adopts Judge Vecchiarelli's recommendation that Judge Gallas's September 19, 2008, ruling be returned to Judge Vecchiarelli for reconsideration. (*See* Minute-Order 2/18/11.)

[6] JP Morgan Chase asserted at the February 15, 2011, status conference/hearing that the defendants, other than the Chiappettas, waived their right to object to Judge Gallas's September 19, 2008, ruling because they failed to file objections to the ruling. However, the District Court would have discretion to excuse any delay in filing objections, and to extend the time for objections.

positions.[7]

Third, *Kangah* is relevant case law that was not before Judge Gallas when he made his September 19, 2008, ruling on WaMu's Motion for Partial Summary Judgment against Infinity and ODOT. As Judge Gallas's September 19, 2008, ruling was never adopted by a District Judge and is inoperative, *Kangah* might bear on the disposition of JP Morgan Chase's and Infinity's lien positions.

Fourth, the Court has not yet determined the lien priority between JP Morgan Chase and American First Federal, and JP Morgan Chase now challenges American First Federal for lien priority (Doc. No. 108). Reconsideration of Judge Gallas's September 19, 2008, ruling is necessary to ensure that all of the rulings on lien priority in this case are consistent.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that Magistrate Judge Gallas's September 19, 2008 ruling on WaMu's Motion for Partial Summary Judgment (Doc. Nos. 61, 62) be returned to Magistrate Judge Vecchiarelli for reconsideration.

s/ *Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE

Date: February 22, 2011

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the**

---

[7] Of course, there is no assurance that John Chiappetta will have standing to challenge the parties' lien priority, or that no party would object to his standing.

-5-

**Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).