PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) | CASE NO. 1:07CV00683 |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| PATRICIA CHIAPETTA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant(s). | ) | **ORDER (Resolving ECF No. 213)** |

Before the Court is *pro se* proposed intervenor Joseph McGrath's objection to Magistrate Judge Vecchiarelli's Order and motion for reconsideration and/or relief from judgment, instanter. ECF No. 213. *Pro se* applicant, McGrath, filed a motion for leave to intervene and join as defendant, and for a forty-five day extension of time to file a cross-claim. ECF No. 199. Magistrate Judge Vecchiarelli entered a written order denying McGrath's motion to intervene and join as defendant in accordance with Fed.R.Civ.P. 72(a).[1] ECF No. 206. Thereafter, McGrath timely filed an Objection and Motion for Reconsideration and/or Relief From Judgment. ECF No. 213.

For the reasons set forth below, the Court will consider Magistrate Judge Vecchiarelli's Order (ECF No. 206) as a Report and Recommendation. Accordingly, McGrath's Objection is overruled and Magistrate Judge Vecchiarelli's Report and Recommendation is adopted.

---

[1] District Judge Benita Y. Pearson assigned the above captioned case to Magistrate Judge Vecchiarelli for pretrial matters nondispositive of a claim or defense and dispositive matters, excluding ECF Nos. 165 and 166. *See* ECF No. 175.

(1:07CV00683)

## II. Legal Background

As an initial matter, the Court must decide whether a motion to intervene is nondispositive and governed by 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), or dispositive and governed by 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b).

A magistrate judge may not statutorily "determin[e]" "dispositive" pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) because the matters are "dispositive of a claim or defense of a party." *Vogel v. U.S. Office Products Co*., 258 F.3d 509, 514 (6th Cir. 2001). In determining whether a particular motion is dispositive, the Court considers the functional analysis of the motion's potential affect on litigation. *Id*. at 514-15. "The list of dispositive motions contained in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in 28 U.S.C. § 636(b)(1)(A) are also dispositive." *Id*. at 515.

The Court concludes that the denial of a motion to intervene is functionally equivalent to several of the listed motions in 28 U.S.C. § 636(b)(1)(A), and a motion to intervene is dispositive as to *pro se* applicant McGrath. See *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999) (holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993) (holding that a motion for Rule 37 sanctions is dispositive); *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 169-70 (6th Cir. 1993) (holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett v. General Caster Serv.*, 976 F.2d 995, 997 (6th Cir. 1992) (holding that a motion for Rule 11 sanctions is dispositive); *United States Fid. & Guar. Co. v.*

-2-

(1:07CV00683)

*Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992) (holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) ("Although section 636(b)(1)(A) does not specifically reference a motion to proceed *in forma pauperis*, we conclude that a denial of such a motion is the functional equivalent of an involuntary dismissal. . . .").

The Court has conducted its *de novo* review of the matters raised in the Objection. Fed.R.Civ.P. 72(b)(3).

### A. Magistrate Judge's Report and Recommendation

The Report and Recommendation states as follows:

> On April 8, 2011, Mr. Joseph McGrath ('McGrath') filed a 'Motion for Leave to Intervene and Join as Defendant and for 45 Day Extension of Time to File Crossclaim, Instanter' ('Motion for Leave'). (Doc. No. 199.) The extent of McGrath's explanation for seeking to join as a defendant in this case is a[s] follows: 'The defendant recently discovered this civil action was pending . . . however, the defendant herein also has financial and equitable claims against the Chiappetta[']s and the subject property via quiet title, contract and other, exceeding $200,000.00, that by law take priority over any and all other possible claims raised by the other partys [sic].' (Mot. Leave 1.) McGrath cites Federal Rules of Civil Procedure 13(h), 19 and/or 20, and a Fifth Circuit case, *Arrington v. City of Fairfield, Alaska*, 414 F.2d 687 (5th Cir. 1969), in support of his motion, but he provides no explanation of how these legal authorities support his position. (Mot. Leave 1-2.) The cross-claim is not attached, despite the allegation that it is filed 'Instanter.' Furthermore, this case has been pending for over four years, parties already have begun to file summary judgment motions to determine lien priorities, and McGrath has not explained why it has taken him so long to allegedly discover the pendency of this case. In short, McGrath's Motion for Leave is conclusory and significantly late, and will delay these proceedings for no apparent good cause.

ECF No. 206.

(1:07CV00683)

### B. Civil Rule 72(b) Standard

Pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review, *de novo*, any finding or recommendation of the Magistrate Judge's Report and Recommendation that has been specifically objected to. The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. Thomas v. Arn, 474 U.S. 140, 150 (1985). Local Rule 72.3(b) reads in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

### C. Civil Rule 24(a)(2) Standard

The right to intervene under Fed.R.Civ.P. 24(a)(2) exists only when the court holds that a person seeking intervention has established three elements: (1) an interest in the subject matter of the pending litigation; (2) a substantial risk that the litigation will impair the interest; and, (3) existing parties do not adequately protect that interest. The Sixth Circuit adds timeliness to these factors. Coalition to Defend Affirmative Action v. Granholm, 501 F.3d 775, 779 (6th Cir. 2007) ("We have explained that a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest."). The elements are *not* weighing factors, but rather *all* of the elements must be satisfied before an applicant may exercise a right to intervene under Rule 24(a)(2). Americans United for Separation of Church and State v.

-4-

(1:07CV00683)

*City of Grand Rapids*, 922 F.2d 303, 305 (6th Cir. 1990) (discussing intervenor must satisfy all elements).

### III. Discussion

Upon *de novo* review, the Court begins by addressing whether the proposed intervenor has a substantial legal interest in the litigation. McGrath's objection to the Magistrate Judge's ruling denying him leave to intervene is a two-page reiteration that does not establish a substantial legal interest. ECF No. 213. The objection explicitly states that McGrath "incorporates the same authority set forth in his previous motions and prays in the interest of justice [that] the court permit him to intervene with this cross claim. . . ." ECF No. 213. McGrath's proposed pleading attached to his objection indicates only the existence of a cognovit note with the defendant "for the payment of his professional consultation services and any quantum meruit fees in the sum of [f]our [h]undred [t]housand [] [d]ollars. . . ." ECF No. 213-1 at 2.

The existence of a cognovit note alone is insufficient to establish an interest in or a lien on the property at issue; its mere mention accomplishes even less. While Ohio law recognizes cognovit notes and the convenience they can provide a lender, McGrath's reference to a cognovit note in his proposed crossclaim is insufficient to establish the existence of the note, its enforceability and attachment to the property at issue. *Citizens Fed. Sav. and Loan Assoc. of Dayton v. Core* Inv., 78 Ohio App.3d 284, 287 (Ohio App. 10th Dist. 1992) (citing *Hoffmaster v. Black*, 78 Ohio St. 1, 6 (1908)) (possession alone of a cognovit note does not establish that the party is entitled to receive payments under it); *Masters Tuxedo Charleston, Inc. v. Krainock*, 7th

-5-

(1:07CV00683)

Dist. No. 02 CA 80, 2002 WL 31169100, at *1 (Ohio App. 7th Dist. 2002) ("The purpose of a cognovit note is to allow the holder of the note to quickly obtain judgment, without the possibility of a trial. To accomplish this, cognovit notes are accompanied by a warrant of attorney by which the debtor provides for the waiver of the prejudgment notice and hearing requirements."); *see also* Turnkey-Ohio, LLC v. Klaus, 182 Ohio App.3d 515, 519 (Ohio App. 10th Dist. 2009) ("All of the requirements contained within these statutory provisions must be met in order for a valid judgment to be granted upon a cognovit note or for a court to have subject-matter jurisdiction over it.").

The Court concludes that, based upon the lack of substantiation of legal interest provided, McGrath does not have a substantial legal interest in the litigation. Because of this deficiency, the Court need not address the remaining factors an intervenor must meet. *See* Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989) ("[A] failure to meet [any] one of the [four factors] will require that the motion be denied.").

### III. Conclusion

Magistrate Judge Vecchiarelli's ruling at ECF No. 206 denying proposed intervenor Joseph McGrath's participation in the instant case has been converted to a Report and Recommendation. Proposed Intervenor Joseph McGrath's objection (ECF No. 213) to the Report and Recommendation is overruled and the Report and Recommendation is adopted.

IT IS SO ORDERED.

| | |
|---|---|
|   May 6, 2011 |   /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

(1:07CV00683)

-7-