IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) | CASE NO: 1:07-cv-683 |
| | ) | |
| Plaintiff, | ) | JUDGE PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| CHIAPPETTA *et al.*, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | Doc. 149 |

This case is before the undersigned United States Magistrate Judge upon referral for general pretrial supervision including preparing Reports and Recommendations on case-dispositive motions. (Doc. 175.) Before the Court is Defendant Patricia Chiappetta's ("Patricia") "Motion for Leave to Amend Answer, Instanter" ("Motion for Leave"). (Doc. 149.) Plaintiff, JP Morgan Chase Bank ("JP Morgan"), opposes Patricia's Motion for Leave. (Doc. 157.) For the reasons set forth below, the Magistrate Judge recommends that Patricia's Motion for Leave be DENIED.

## I.

On March 8, 2007, Washington Mutual Bank ("Washington Mutual") filed its Complaint alleging that Patricia defaulted on a promissory note ("Note") that Washington Mutual held, and sought foreclosure on Patricia's property pursuant Washington Mutual's corresponding mortgage interest ("Mortgage"). (Doc. 1.) On April 20, 2007, Patricia filed her Answer to Washington Mutual's Complaint. (Doc. 16.) In her Answer, Patricia "acknowledged" that the Court had jurisdiction; and she admitted that she signed the Note and Mortgage, the Mortgage was filed with the Cuyahoga County Recorder, the Mortgage attached to her property, and Washington Mutual's title examination accurately reflected who else might have an interest in Patricia's property. (Patricia's Ans. ¶¶ 1-3, 5-7.) Patricia denied that she defaulted on the Note, (Patricia's Ans. ¶ 4), but she did not assert any affirmative defenses.

The close of discovery and the deadline for amending pleadings was November 13, 2007.[1] (Doc. 32.) On June 10, 2010—approximately two years and seven months after the deadline for discovery and amending pleadings expired and over three years after Patricia filed her original Answer—Patricia filed her Motion for Leave. (Doc. No. 149.) By that time, Washington Mutual had filed a motion for partial summary judgment for lien priority over Defendants Infinity Construction Co., Inc. ("Infinity") and the State of Ohio Department of Transportation ("ODOT") (Doc. 34); Infinity had filed a motion for

---

[1] The Court re-opened discovery on June 8, 2009, for the limited purpose of allowing Washington Mutual and Intervenor American First Federal, Inc. ("American First Federal"), to address the relative priority of their respective liens. (Doc. 96.) The Court set a deadline of September 2, 2009, for that limited discovery. (Doc. 96.)

partial summary judgment for lien priority (Doc. 36); the Court had granted Washington Mutual's motion and denied Infinity's motion (Docs. 61, 62); American First Federal joined this case as an intervening party (Doc. Entry 4/28/2008); Washington Mutual filed a motion for partial summary judgment for lien priority over American First Federal (Docs. 70, 108); and JP Morgan substituted Washington Mutual as the plaintiff (Doc. 114).

Patricia attached her proposed Amended Answer to her Motion for Leave, and a review of the proposed Amended Answer reveals that Patricia intends to denying for lack of knowledge or information those portions of the Complaint to which she previously admitted, and that Patricia intends to assert twenty-six affirmative defenses. (*Compare* Patricia's Ans. ¶¶ 1-7 *with* Patricia's Proposed Amend. Ans. ¶¶ 2-8.) Patricia "requests the court to permit an amendment to her answer, as she inadvertently failed to properly file her original answer with defenses and objections." (Mot. Leave 1.) Patricia continues that she "is elderly and infirm and has no training in any legal field and was unassisted at the beginning of this civil action, of which she now has assistance." (Mot. Leave 1-2.) Patricia assures that "The plaintiff's [sic] will not be prejudiced by this amendment, as this amendment raises the defenses and objections raised in [Patricia's] pending motions." (Mot. Leave 2.)

JP Morgan argues that Patricia's Motion for Leave should be denied because Patricia unduly delayed seeking leave to file an amended answer; JP Morgan would be unduly prejudiced if Patricia were permitted to file an amended answer as over two-and-a-half years passed between the close of discovery and the time Patricia filed her Motion for Leave and Patricia has not provided factual bases for most of her proposed

affirmative defenses,[2] so JP Morgan would be required to pursue further discovery before continuing with its claims; Patricia's explanation for her delay in seeking leave to file an amended answer is inadequate; and Patricia's proposed Amended Answer runs afoul of Rule 11 of the Federal Rules of Civil Procedure.

## II.

After a responsive pleading has been served, a party may amend its pleading only by either the opposing party's written consent or by leave of court, and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). However, once a scheduling order's deadline for amending pleadings passes, a party first must show good cause under Rule 16(b) for failure to seek leave to amend earlier before the court will consider whether amendment is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16 provides that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Rule 16 is designed to ensure that, at some point, both the parties and the pleadings will be fixed. Fed. R. Civ. P. 16, 1983 advisory committee's notes; *Leary*, 349 F.3d at 906. The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Therefore, "modification is permitted under Rule 16 if [the moving party] can demonstrate 'good cause' for [its] failure to comply with the original schedule, by showing that despite [the moving party's]

---

[2] JP Morgan concedes that Patricia provided factual bases for her defenses regarding jurisdiction and service of process in five motions that were pending at the time she filed her Motion for Leave. (JP Morgan's Mem. in Opp'n 3.)

diligence [it] could not meet the original deadline." *Leary*, 349 F.3d at 907. The court must also consider whether there would be undue prejudice to the opposing party before determining whether to permit a modification of the scheduling order to allow the moving party to amend its pleading. *Id.* at 909.

Here, Patricia explains that she is seeking leave to file an amended answer at this late juncture because she has no legal training, did not have assistance when she filed her Answer, and inadvertently failed to properly file her original answer with defenses and objections, but "now has assistance." (Mot. Leave 2.) However, Patricia is still representing herself *pro se* and she does not explain who is "assisting" her; what efforts she made to obtain "assistance"; why—despite such efforts—it took her over two-and-a-half years after the amendment deadline expired to obtain "assistance"; or any legal basis to support the argument that merely obtaining previously un-retained "assistance" amounts to good cause for a failure to abide by the Court's scheduling order.

Furthermore, Patricia provides no explanation for why she should be allowed to file an amended answer to change all of her admissions to denials. Indeed, Patricia *reaffirmed* on the record at the status conference/hearing before the Court on February 15, 2011 (Doc. 180), that she signed the Note and Mortgage (Hearing Tr. 8:9-11), and she admitted that she did not make all the payments on the Note (Hearing Tr. 20:17-20).

Although *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), courts are

-5-

not required to make a *pro se* plaintiff's arguments for her, as such a mandate would "require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Crawford v. Crestar Foods*, No. 98-3144, 2000 WL 377349, at *2 (6th Cir. 2000). Accordingly, the Court finds that Patricia has failed to show good cause for her delay in seeking leave to file an amended answer outside the Court's scheduling order.

Moreover, permitting Patricia to file an amended answer would unduly prejudice JP Morgan. This case was already in a significantly late stage when Patricia filed her Motion for Leave. At that time, JP Morgan had already turned its efforts from discovery to summary judgment. This case has since then proceeded further to sort out confusion in the docket and revisit the parties' arguments regarding lien validity and priority. Permitting Patricia to file an amended answer to change her entire legal position so late in the proceedings would require re-opening discovery for JP Morgan to refocus on gathering information and reconsider *its* entire legal position at additional time, effort, and expense.[3]

Because Patricia has failed to show good cause for seeking leave to file an amended answer outside the Court's scheduling order, and permitting Patricia to file her proposed Amended Answer outside the Court's scheduling order would unduly

---

[3] The Court's already strained docket in this case would be further burdened and proceedings would continue to be delayed, as well.

prejudice JP Morgan, Patricia's Motion for Leave should be denied.[4]

**III.**

For the foregoing reasons, the Magistrate Judge recommends that Patricia's Motion for Leave (Doc. 149) be DENIED.

s/ *Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE

Date: May 9, 2011

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**

---

[4] JP Morgan contends that Patricia's proposed denials for lack of information at this late stage of proceedings, Patricia's desire to revoke her admissions only after obtaining "assistance," Patricia's flurry of motions filed after she obtained "assistance," and Patricia's use of invectives throughout her various motions is evidence of bad faith and dilatory motive in violation of Rule 11 of the Federal Rules of Civil Procedure.  (JP Morgan's Mem. Opp'n 4-5.)  Considering Patricia's admissions at the February 15, 2011, hearing that she signed the Note and Mortgage and stopped making payments on the Note, the Court, too, has concerns about the propriety of Patricia's proposed Amended Answer.  However, as Patricia's Motion for Leave is properly resolved on other grounds, the Court need not address at this time whether and to what extent Patricia may be in violation of Rule 11.