PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | ) |
|         Plaintiff, | ) CASE NO. 1:07CV0683 |
| | ) |
|         v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| PATRICIA A. CHIAPPETTA, *et al.*, | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF Nos. 201, 203, 204, 255, |
|         Defendants. | ) and 256] |

Plaintiff JP Morgan Chase Bank, N.A.[1] filed this mortgage foreclosure action based on diversity jurisdiction against Patricia A. Chiappetta and John D. Chiappetta.

On January 20, 2011, the above-entitled action was reassigned from Judge Patricia A. Gaughan to the undersigned pursuant to General Order 2011-4.

On January 26, 2011, the case was referred by the undersigned to Magistrate Judge Nancy A. Vecchiarelli for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized her to file with the Court a report containing proposed findings and a recommendation for disposition of case-dispositive motions. *See* Order of Reference (ECF No. 175).

After the following motions were filed and served—

Defendant American First Federal, Inc.'s Motion for Summary Judgment (ECF No. 201),

---

[1] On December 2, 2009, JP Morgan was substituted for Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company. *See* Order (ECF No. 114). On November 17, 2011, the case caption was changed to reflect that JP Morgan is the plaintiff. *See* Order (ECF No. 254).

(1:07CV0683)

Defendant Infinity Construction Company, Inc.'s Brief in Support of Lien Validity and Priority (ECF No. 203), treated as a Motion for Summary Judgment, and

Plaintiff's Motion for Summary Judgment as to Lien Priority (ECF No. 204),

the Magistrate Judge submitted a Report and Recommendation (ECF No. 250) on lien priority among the parties recommending:

> JP Morgan's motion for summary judgment should be granted; that is, JP Morgan should be granted equitable subrogation and given first lien priority on the Property only to the extent of the $287,088.05 used to pay off the prior first and second mortgages on the Property, plus interest, costs, and expenses advanced that are associated with satisfying those prior mortgages. American's motion for summary judgment should be denied, and Infinity's motion for summary judgment should be granted as it relates to the lienholders other than JP Morgan; therefore, Infinity should have second lien priority on the Property. Defendant the Ohio Department of Transportation ("ODOT") should have third lien priority, and Defendant the United States Department of Justice ("the USDJ") should have fourth lien priority.

ECF No. 250 at 2. Objections to the Magistrate Judge's Report were filed by Defendants American First Federal, Inc., a judgment lien creditor (ECF No. 255), and John D. Chiappetta (ECF No. 256).[2] Plaintiff JP Morgan Chase Bank, N.A. filed a Response to both Objections (ECF No. 257). This Court, after reviewing the objections, hereby adopts the Report in its entirety.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

Where objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3).

---

[2] Although the Report recommends that Plaintiff JP Morgan Chase Bank, N.A. be granted equitable subrogation as to Defendant Infinity Construction Company, Inc.'s interests as well, Infinity Construction did not object to the Report.

2

(1:07CV0683)

A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, this Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Defendants American First Federal, Inc. and John D. Chiappetta have properly objected.

## II.  Law & Analysis

Defendants American First Federal, Inc. and John D. Chiappetta[3] both object to the Magistrate Judge's recommendation regarding the doctrine of equitable subrogation following the Ohio Supreme Court's decision in *ABN AMRO Mtge. Group, Inc. v. Kangah*, 126 Ohio St.3d 425 (2010). Defendant Patricia A. Chiappetta obtained a loan from Long Beach Mortgage Company in the amount of $436,500.00. Plaintiff JP Morgan Chase Bank, N.A., however, only seeks equitable subrogation to $287,088.05 (the amount its proceeds were used to pay off the prior FirstMerit Bank, N.A. first and second mortgages on the Property), plus interest, costs, and expenses advanced that are associated with satisfying those mortgages. As correctly noted by the

---

[3] Defendant John D. Chiappetta did not oppose Plaintiff JP Morgan Chase Bank, N.A.'s Motion for Summary Judgment on this ground. *See* ECF No. 245. Moreover, he previously represented to JP Morgan that it would be in the first lien position as evidenced by the Mortgage (ECF No. 1-2) itself. Under ¶ 4, the covenant concerning "Charges; Liens," a handwritten note stating "To the best of our knowledge any/and all liens have been subordinated to the First Mortgage" is included with Defendants Patricia A. Chiappetta and John D. Chiappetta's initials. ECF No. 1-2 at 5.

3

(1:07CV0683)

Magistrate Judge at pages 23-24 of ECF No. 250, Ohio courts have recognized that junior lienholders, such as Defendant American First Federal, Inc., are not placed in a worse position when a lender obtains equitable subrogation only to the extent that it satisfied a prior senior mortgage because the junior lienholders would be subordinated to exactly the same amount of money as they had been before the lender satisfied the prior senior mortgage. *See Washington Mut. Bank, FA v. Aultman*, 172 Ohio App.3d 584, 594 (Ohio App. 2nd Dist. 2007); *First Fin. Bank, N.A. v. Grimes*, No. CA2010–10–268, 2011 WL 3433190, at *3 (Ohio App. 12th Dist. Aug. 8, 2011); *Countrywide Home Loans, Inc. v. Korb*, No. 2010-G-2969, 2011 WL 1662248, at *5 (Ohio App. 11th Dist. Apr. 29, 2011); *TCIF REO GCM, L.L.C. v. Natl. City Bank*, No. 92447, 2009 WL 2462705, at *4-5 (Ohio App. 8th Dist. Aug. 13, 2009). The Court agrees with the recommendation of the Magistrate Judge that Plaintiff JP Morgan Chase Bank, N.A. should be granted equitable subrogation and given first lien priority on the Property under the facts and circumstances of this case.

Defendant American First Federal, Inc. also objects to the Magistrate Judge's recommendation that Defendant Infinity Construction Company, Inc. has second lien priority. The Court has reviewed all the filings, agrees with the Magistrate Judge's conclusions, and adopts them as its own.

Defendant John D. Chiappetta also objects to the Magistrate Judge's findings that he failed to show there is a genuine issue of whether Plaintiff JP Morgan Chase Bank, N.A. has standing to foreclose on the Mortgage (ECF No. 1-2) and whether this Court has subject matter jurisdiction. Based upon the evidentiary materials presented, the Court concludes that Plaintiff

4

(1:07CV0683)

JP Morgan Chase Bank, N.A. has standing to bring the within foreclosure action as the current holder of the Note (ECF No. 1-1) and Mortgage (ECF No. 1-2).  Moreover, the Court has subject matter jurisdiction over the underlying controversy.  Pursuant to ¶ 22 of the Mortgage (ECF No. 1-2 at 13), Plaintiff JP Morgan Chase Bank, N.A. provided copies of three proper notices of default (ECF Nos. 249-2, 249-3, and 249-4) that were sent to the Property address.  *See* Supplemental Affidavit of Eric Bovee (ECF No. 249-1) at ¶ 7.  Finally, the Court agrees with the finding of the Magistrate Judge that Defendant John D. Chiappetta's arguments regarding the Affidavit of Eric Bovee (ECF No. 204-1 at 1-5) are to no avail.

### III.  Conclusion

Defendant American First Federal, Inc.'s Motion for Summary Judgment (ECF No. 201) is denied.

Defendant Infinity Construction Company, Inc.'s Brief in Support of Lien Validity and Priority (ECF No. 203), treated as a Motion for Summary Judgment, is granted as it relates to the lienholders other than Plaintiff JP Morgan Chase Bank, N.A.

Plaintiff JP Morgan Chase Bank, N.A.'s Motion for Summary Judgment as to Lien Priority (ECF No. 204) is granted.

Plaintiff JP Morgan Chase Bank, N.A. is entitled to a judgment as a matter of law that it possesses the first priority lien on the Property that is the subject of this foreclosure action. Defendant Infinity Construction Company, Inc. has second lien priority.  Defendant State of Ohio Department of Transportation has third lien priority on the Property.  Defendant United States Department of Justice has fourth lien priority.

(1:07CV0683)

      The parties shall contact the Magistrate Judge's Courtroom Deputy Clerk, Wanda Golden, at (216) 357-7130, within three (3) days after the date of entry of the within ruling and provide a date and time suitable for a telephone conference to address how the parties wish to proceed in this case. *See* Order (ECF No. 251).

      IT IS SO ORDERED.

| | |
|---|---|
| September 21, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |